IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LA'BRENT ROBINSON, | : | CIVIL ACTION NO. **3:CV-10-2131** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID VARANO, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On October 15, 2010, Plaintiff, La'Brent Robinson, an inmate at the State Correctional Institution Coal Township ("SCI-Coal Twp.") at Coal Township, Pennsylvania, filed, *pro se*, this civil rights action with this Court, pursuant to 42 U.S.C. § 1983. (Doc. 1).[1] Plaintiff's Complaint consists of 11 handwritten pages and he refers to exhibits A to F.[2] Plaintiff also filed a Motion for Appointment of Counsel (Doc. 2) and two Motions for Leave to Proceed *in forma*

---

[1] On the face of his Complaint, the Plaintiff indicates that he utilized the grievance procedure available at SCI-Coal Twp. and that the grievance process has not yet been completed regarding his present claims. (Doc. 1, p. 1, ¶ II. A.-C.). Plaintiff must exhaust all of his available administrative remedies prior to filing a civil rights suit. Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).
    Further, Plaintiff is required to exhaust all of his administrative remedies available through the DOC grievance procedure with respect to each of his claims **prior** to filing an action in federal court. *See Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Dortch v. York County Prison*, 2009 WL 159196, *4 (M.D. Pa.).

[2] The Clerk of Court did not forward any exhibits to the undersigned along with Plaintiff's original Complaint. Regardless, the exhibits are not required for this Report and Recommendation.

*pauperis* (Docs. 6 and 12). This Court has jurisdiction over Plaintiff's instant Complaint under 28 U.S.C. §1331 and §1343, and venue is proper since Plaintiff was confined within the Middle District of Pennsylvania and all Defendants are located within this district.

Named as Defendants are the following: David A. Varano, Superintendent, SCI-Coal Township; Robert McMillan, Deputy Superintendent; George Miller, Major of the Guard; Schiccatano, Shift Commander; Morris, Shift Commander; Stetler, Security Captain, and John Doe Corrections Officer. (Doc. 1, p. 2).[3]

All seven (7) Defendants were employed by the Pennsylvania Department of Corrections ("PA-DOC) at SCI-Coal Township during the relevant times of this case.

## II. Allegations of Complaint.

Plaintiff alleges that on September 10, 2010, while he was proceeding to the dinning hall at SCI-Coal Twp., he was attacked by several unknown inmates. Plaintiff avers that he was kicked, punched, stomped in the head, and that he was then repeatedly stabbed about his scalp and body. Plaintiff avers that Defendant CO John Doe looked on as he was being assaulted and failed to "run to the incident to protect the Plaintiff from further punishment until he saw officers running up the walkway from the dinning hall." (*Id*., p. 4). Plaintiff alleges that he received medical care by the prison nurses and that he was treated for 7 stabs wounds, 3 "knotts," and a swollen left eye. (*Id*.). Plaintiff states that he received repeated medical treatment for his injuries after the incident.

---

[3] On the docket sheet, the Clerk of Court incorrectly joined the names of Defendant Morris and Defendant Stetler and listed them as Defendant "Morris Stetler."

Plaintiff alleges that on September 14, 2010, Defendant Stetler interviewed him about the incident and showed him several photos of inmates to see if he could recognize his assailants. Plaintiff then avers as follows:

> Plaintiff specifically informed all staff that he didn't see any of the
> assailants because he was blind sided and balled up in a fetal
> position. He [Stetler] also asked plaintiff why would someone want
> to do this to him, and if he owed anybody anything. Plaintiff
> explained that he didn't owe anybody nothing, and he didn't have
> a clue why he was attacked because he didn't have any prior
> altercation with anyone.

(*Id.*, p. 6).

Plaintiff alleges that all six Defendants failed to protect him from the assault. Specifically, Plaintiff avers as follows:

> 28. There was approximately 300 hundred inmate[s] occupying the
> walkway because staff call <u>D.A.</u> bottom tier, <u>D.A.</u> bottom tier, and <u>F.A.</u>
> bottom tier at one time for main line. This alone, presents, a substantial
> risk of serious harm to plaintiff safety by other inmates.
>
> 29. Defendant Morris, Scicchitano, Miller, McMillan, Stetler and
> Varano knew there was a substantial risk that plaintiff as an inmate
> in this institution would be harmed because there were numerous
> physical altercation[s] that took place in the area where plaintiff
> was beaten and stabbed because of the lack of supervision and video
> surveillance in that area instead of stationing a single officer, defendant
> John Doe, to surveillance approximately 100 yards of outdoor compound.
>
> 30. Defendant John Doe nevertheless had an opportunity to intervene
> to stop the assault but opt[ed] to wait until additional staff arrived before
> he approached the incident.

(*Id.*, p. 9).

With respect to exhaustion of his DOC administrative remedies, Plaintiff avers in his Complaint as follows:

3

>32. On September 27th 2010, plaintiff filed a three page grievance concerning the event described herein, grievance # 337048 SEE Exhibit "A".
>
>33. On September 29th, 2010, the institution grievance coordinator assigned a grievance officer to investigate the issue surrounding the grievance in question.
>
>34. The grievance will be exhausted before the defendants are served the Complaint. SEE Exhibit "A" - "F"

(*Id.*, p. 10).

Thus, Plaintiff concedes in two separate sections of his Complaint that he has not yet exhausted his claims against Defendants before he filed this action, and he states that he will complete exhaustion before Defendants are served with his Complaint. Plaintiff was required to exhaust his administrative remedies prior to filing this action, as noted above.

As relief, with respect to all of his claims, Plaintiff requests a declaratory judgment, and he seeks $75,000 in compensatory damages and $25,000 in punitive damages against each Defendant.[4] (*Id.*, p. 11).

---

[4] Plaintiff does not state if he sues all seven (7) individual Defendants in their official and/or personal capacities, we note that insofar as he seeks monetary damages against these Defendants, he can only sue them in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Thus, any claims for monetary damages against Defendants in their official capacities should be dismissed.

Also, Plaintiff's request for specific amounts of monetary damages (Doc. 1, p. 11) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

4

As mentioned, we construe Plaintiff as raising Eighth Amendment failure to protect claims against all seven (7) Defendants.

We now screen Plaintiff's pleading as we are obliged to do under the PLRA since he filed *in forma pauperis* motions. *See Mueller v. Centre County*, 2009 WL 4912305 (M.D. Pa.).

**III. PLRA.**

As stated, the Plaintiff has filed applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 6 and 12). The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[6] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[5] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[6] The Plaintiff filed an application to proceed *in forma pauperis* with this Court and an authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 12, 13 and 14).

**IV. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[7] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.* It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Innis v. Wilson*, 2009 WL 1608502, *2

---

[7]Plaintiff alleges in his pleading that the individual Defendants are employees of the PA DOC at the SCI-Coal Twp. (Doc. 1, p. 2). This is sufficient to show that these Defendants are state agents. *See McCarthy v. County of Bucks*, 2008 WL 5187889, * 1, n. 4 (E.D. Pa.).

6

(3d Cir. 2009). As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra*.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.).

**V. Motion to Dismiss Standard.**

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all

allegations of the complaint and all reasonable factual inferences must be
viewed in the light most favorable to plaintiff. *Angelastro v.
Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The
Court, however, need not accept inferences drawn by plaintiff if they are
unsupported by the facts as set forth in the complaint. See *California Pub.
Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004)
citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d
Cir.1997). Nor must the court accept legal conclusions set forth as factual
allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S.
265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations
must be enough to raise a right to relief above the speculative level."
*Twombly*, 550 U.S. at 556. Although the United States Supreme Court
does "not require heightened fact pleading of specifics, [the Court does
require] enough facts to state a claim to relief that is plausible on its face."
*Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to
make a 'showing' rather than a blanket assertion of an entitlement to
relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22,
2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d
Cir.2008). "This does not impose a probability requirement at the pleading
stage, but instead simply calls for enough facts to raise a reasonable
expectation that discovery will reveal evidence of the necessary element."
*Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

## VI. Discussion.

As mentioned, it is quite apparent from the face of Plaintiff's Complaint that he has not yet exhausted his DOC administrative remedies before he filed this action as required. (Doc. 1, pp. 1 and 10). Plaintiff states that he filed a grievance regarding his Eighth Amendment claims on September 27, 2010, and that he will exhaust his DOC administrative remedies "before the Defendants are served the Complaint." (*Id*., p. 10). We find that in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's action since his allegations make clear that he did not exhaust his administrative remedies regarding his claims before he filed his action.

8

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10), the Third Circuit recently stated:

> McPherson argues that the District Court's dismissal of his complaint as time-barred was wrong on both procedural and substantive grounds. As a procedural matter, McPherson contends that *sua sponte* dismissal on statute of limitations grounds is inconsistent with our holding in *Ray v. Kertes,* 285 F.3d 287 (3d Cir.2002). On substantive grounds, McPherson contends, without substantiation, that equitable tolling may allow him to pursue this action long after the limitations period otherwise expired.
>
> *Ray* concerned a provision of the Prison Litigation Reform Act ("PLRA") that states that "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). While recognizing that the statute clearly requires plaintiffs to exhaust their administrative remedies, we rejected a pleading rule that would have required a complaint to allege facts demonstrating exhaustion. Rather, we held that "failure to exhaust is an affirmative defense to be pleaded by the defendant." *Ray,* 285 F.3d at 295. We also found that the court below erred in *sua sponte* dismissing a complaint that did not demonstrate that the plaintiff exhausted administrative remedies. *Id.* We relied primarily on the text of § 1997e, which provides for *sua sponte* dismissal if a complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Ray,* 285 F.3d at 296 (citing 42 U.S.C. § 1997e(c)(1)). We also noted that the statute explicitly allows a court to dismiss a complaint without first requiring the exhaustion of administrative remedies." *Id.* (citing 42 U.S.C. § 1997e(c)(2)). We concluded, under the principle of *expressio unius est exclusio alterius,* that the omission of "failure to exhaust" from the grounds for sua *sponte* dismissal indicated Congressional intent not to include failure to exhaust as a reason justifying dismissal. *Id.*
>
> McPherson argues that *Ray* stands for the general proposition that a court may not *sua sponte* dismiss a complaint on the basis of *any* affirmative defense, including the statute of limitations. To be sure, a limitations defense is an affirmative defense. *See Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir.2002). *Ray,* however, does not go as far as McPherson claims. This Court has long recognized that the statute of limitations can serve as the basis for dismissal under Fed.R.Civ.P. 12(b)(6), as long as "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Const. Corp.,* 570 F.2d 1168, 1174 (3d Cir.1978) (internal quotation

9

marks omitted). **This principle is consistent with our observation in *Ray* that, "[a]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint." *Ray*, 285 F.3d at 297. Ray's failure to exhaust was not apparent from the face of his complaint, so *sua sponte* dismissal was not appropriate.**

The fact that a claim has not been brought within the statue of limitations, however, may be apparent from the face of a complaint. The United States Supreme Court, while agreeing that failure to exhaust under the PLRA is an affirmative defense and that plaintiffs need not demonstrate exhaustion in their complaints to survive dismissal, nonetheless recognized that a court may dismiss a complaint for failing to state a claim when its allegations show that the complaint is not timely. The Court noted that "[i]f the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to make a claim; that does not make the statute of limitations any less an affirmative defense." *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The factual allegations in the complaint, not the label of "affirmative defense," control the court's decision whether to dismiss the suit. "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." *Id*.

Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

(Emphasis added).

Thus, based on *McPherson*, even though exhaustion is an affirmative defense pursuant to *Ray*, *sua sponte* dismissal of Plaintiff Robinson's action by this Court is nonetheless proper since his failure to exhaust his DOC administrative remedies is abundantly clear from the

10

face of his Complaint. In *Ray*, unlike the present case, the inmate's failure to exhaust was not apparent from the face of his Complaint. *Id.*, at *3.

In *Womack v. Smith*, 310 Fed. Appx. 547, 550 (3d Cir. 2009), the Court stated:

> The Prison Litigation Reform Act (PLRA), requires full and procedurally proper exhaustion of all available administrative remedies as a prerequisite to prisoner suits challenging prison conditions under federal law. 42 U.S.C. § 1997e(a); *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Spruill v. Gillis,* 372 F.3d 218 (3d Cir.2004). "[P]rison grievance procedures supply the yardstick for measuring procedural default." *Spruill,* 372 F.3d at 231.

Section 1997(a) of the Prison Litigation Reform Act ("PLRA") provides that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a).

In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

The Third Circuit has stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies **prior to filing suit in federal court**." *Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted)(emphasis added). The *Banks* Court also noted that a futility exception to the PLRA's mandatory exhaustion

11

requirement is completely precluded. *Id*. *See also* *Nyhuis v. Reno,* 204 F. 3d 65 (3d Cir. 2000).

As the Court stated in *Fortune v. Bitner*, 2006 WL 2796158, * 7 (M.D. Pa.):

> Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. *See* 42 U.S.C. § 1997e(a); *see Woodford v Ngo*, 126 S.Ct. 2378 (2006). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516 (2002). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford*, 126 S.Ct. at 2387 (internal quotation and citation omitted). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id*. at 2388.
>
> The PLRA mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Id*. at 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 2386. Failure to substantially comply with the procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2002).

Plaintiff's Complaint is clear that he has not yet completed exhaustion of his stated Eighth Amendment claims against Defendants. In fact, as stated, Plaintiff just recently filed his grievance regarding his claims on September 27, 2010.

**VII. Recommendation.**

Based on the above, it is respectfully recommended that Plaintiff Robinson's Complaint be dismissed without prejudice due to his failure to exhaust his DOC administrative remedies regarding his Eighth Amendment failure to protect claims against Defendants. It is also recommended that Plaintiff's Motion for Appointment of Counsel (Doc. 2) be denied as moot. Further, it is recommended that Plaintiff's *in forma pauperis* Motions (Docs. 6 and 12) be granted solely for purposes of filing this action.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 27, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LA'BRENT ROBINSON, | : | CIVIL ACTION NO. **3:CV-10-2131** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID VARANO, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 27, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                               s/ Thomas M. Blewitt
                                               **THOMAS M. BLEWITT**
                                               **United States Magistrate Judge**

**Dated: December 27, 2010**