UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LA'BRENT ROBINSON,<br>　　　　　Plaintiff<br><br>v.<br><br>DAVID VARANO, et al.,<br>　　　　　Defendants | Civil No. 3:10-CV-2131<br><br>(Judge Kosik) |

FILED
SCRANTON
JAN 2 5 2011
PER ＿＿＿＿＿＿
DEPUTY CLERK

## ORDER

AND NOW, this ＿25＿ day of January, 2011, IT APPEARING TO THE COURT THAT:

(1) On September 15, 2010, Plaintiff, La'Brent Robinson, a state inmate currently housed at the State Correctional Institution in Houtzdale, Pennsylvania, filed a pro se civil rights Complaint against the following Defendants: David A. Varano, Superintendent SCI-Coal Township; Robert McMillan, Deputy Superintendent; George Miller, Major of the Guard; Schiccatano, Shift Commander; Morris, Shift Commander; Stetler, Security Captain; and John Doe Corrections Officer in connection with an alleged assault that took place while Plaintiff was an inmate at the State Correctional Institution in Coal Township, Pennsylvania. (Doc. 1).[1]

(2) In the Complaint, Plaintiff alleges that he "was walking down the path on west side compound, about five to 10 yards past the entrance to the education building, when he was punched /or hit with an object in his left eye, by an unknown inmate, which temporarily blinded him, and caused him to hit the ground." (Doc. 1 at 3). He further alleges that "several unknown inmates began to kick, punch, and stomp the Plaintiff," and that after a few minutes he "felt a sharp object jab into his scalp three times, once on the right arm, once on the left hand, three times on the left hand, and once in the back before the unknown assailants discontinued their three minute assault, and blended into the crowded walkway." (Doc. 1 at

---

[1] Plaintiff also filed a Motion to Appoint Counsel on September 15, 2010 (Doc. 2), and a second Motion to Appoint Counsel on December 29, 2010. (Doc. 18). He also filed two Motions for Leave to Proceed in forma pauperis. (Docs. 6 & 12).

3).

(3) Plaintiff alleges that prison officials failed to properly protect him from the assault in a timely manner. Specifically, Plaintiff claims that Defendant John Doe, a lone officer, watched the event unfold and failed to react until several additional officers arrived to assist him in breaking up the raucous. (Doc. 1 at 4, 8-9).

(4) The case was assigned to Magistrate Judge Thomas M. Blewitt, who screened the pro se prisoner complaint pursuant to 28 U.S.C. § 1915A.

(5) On December 27, 2010, Magistrate Judge Blewitt filed a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice due to his failure to exhaust his DOC administrative remedies regarding his Eighth Amendment failure to protect claims against Defendants. (Doc. 15 at 13). He further recommends that Plaintiff's Motion for Appointment of Counsel (Doc. 2) be denied, and that Plaintiff's Motions to Proceed in forma pauperis (Docs. 6, 12) be granted solely for purposes of filing the present action.

(6) Pursuant to Local Rule 72.3, Plaintiff was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report.

(7) On December 30, 2010, Plaintiff filed an Amended Complaint (Doc. 19), but failed to file any objections to the Report and Recommendation.

(8) On January 24, 2011, Plaintiff filed "Exhibit F," which is a copy of his final appeal for grievance no. 337048, the grievance filed in connection with this matter.

AND IT FURTHER APPEARING THAT:

(9) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to

2

adopting it. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(10) We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3.

(11) In both the original Complaint, and the Amended Complaint, Plaintiff admits that he has failed to exhaust the administrative remedies available to him pursuant to the inmate grievance process of the Pennsylvania Department of Corrections.[2]

(12) Section 1997(a) of the Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); Porter v. Nussle, 534 U.S. 516, 532 (2002).

(13) Plaintiff's Complaint and Amended Complaint clearly show that he has not exhausted his administrative remedies. Plaintiff only recently filed a grievance in connection with this incident on September 27, 2010. (Doc. 16, Ex. B). Moreover, Plaintiff has only recently provided us with a copy of his final grievance appeal, and has failed to offer an amended complaint or objections to the Report and Recommendation refuting his failure to exhaust the administrative remedies available to him.

(14) The Third Circuit has held that prisoner-plaintiffs may not file a federal civil rights action before exhausting their administrative remedies. And more specifically, the PLRA rule requiring exhaustion would be circumvented by allowing prisoners to file a federal claim while simultaneously continuing through the administrative grievance process. Nyhuis v. Reno, 204 F. 3d 65, 67 n.12 (3d Cir. 2000)(finding that the PLRA requires that "inmates first test and exhaust the administrative [grievance] process, and then, if dissatisfied, take the

---

[2] We note that a side-by-side comparison of the Complaint (Doc. 1) and the Amended Complaint (Doc. 19) reveals that, with the exception of the case captions, the two documents are identical.

3

time necessary to file a timely federal action."); see also Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002).

(15) Accordingly, pursuant to the Prison Litigation Reform Act, and the rule articulated by the Third Circuit in Nyhuis,[3] Plaintiff's Complaint must be dismissed without prejudice for his failure to properly exhaust his administrative remedies before filing a federal civil rights action.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The December 27, 2010 Report and Recommendation of the Magistrate Judge (Doc. 15) is ADOPTED;

(2) Plaintiff's Motion to Appoint Counsel (Doc. 2) is DENIED as moot;

(3) Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 6) is GRANTED;

(4) Plaintiff's second Motion for Leave to Proceed in forma pauperis (Doc. 12) is DENIED as moot;

(5) Plaintiff's second Motion to Appoint Counsel (Doc. 18) is DENIED as moot;

(6) Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 19) are DISMISSED WITHOUT PREJUDICE;

(7) The Clerk of Court is directed to CLOSE this case and to FORWARD a copy of this Order to the Magistrate Judge; and

(8) Plaintiff may reopen this case by filing an amended complaint to this civil number within twenty (20) days of this Order, and, in the event the case is reopened, the Clerk of Court shall docket all documents to this term and number and shall remand the case to the Magistrate Judge for further proceedings.

Edwin M. Kosik
United States District Judge

---

[3] "[W]e are not prepared to read the amended language in § 1997e(a) as meaning anything other than what it says-i.e., that no action shall be brought in federal court until such administrative remedies as are available have been exhausted." Nyhuis, 204 F.3d at 78.