IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LA'BRENT ROBINSON, | : | CIVIL ACTION NO. **3:CV-10-2131** |
| | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAVID VARANO, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On October 15, 2010, Plaintiff, La'Brent Robinson, formerly an inmate at the State

Correctional Institution Coal Township ("SCI-Coal Twp.") at Coal Township, Pennsylvania, filed,

*pro se*, this civil rights action with this Court, pursuant to 42 U.S.C. §1983.[1]  (Doc. 1).  Plaintiff's

original Complaint consisted of 11 handwritten pages and he attached exhibits A to F.  (*See*

Doc. 16 Exhibits).  In his original Complaint Plaintiff named the following seven Defendants:

David Varano,   Superintendent at SCI-Coal Township; Robert McMillan, Deputy

Superintendent, SCI-Coal Township; George Miller, Major of the Guard; Shift Commander

Scicchitano; Shift Commander Morris; Security Captain Stetler; and Corrections Officer John

Doe. (Doc. 1, p. 2).

Plaintiff also filed a Motion for Appointment of Counsel (Doc. 2) and two Motions for

Leave to Proceed *in forma pauperis* (Docs. 6 and 12).  This Court had jurisdiction over Plaintiff's

instant Complaint under 28 U.S.C. §1331 and §1343, and venue was proper since Plaintiff was

---

[1]Plaintiff is currently confined at SCI-Houtzdale.  (Docs. 17 & 23).

confined within the Middle District of Pennsylvania and all Defendants were located within this District.

We screened Plaintiff's original Complaint as required under the PLRA and issued a Report and Recommendation on December 27, 2010. (Doc. 15). We recommended that Plaintiff Robinson's Complaint be dismissed without prejudice due to his failure to exhaust his DOC administrative remedies regarding his Eighth Amendment failure to protect claims against Defendants. We also recommended that Plaintiff's Motion for Appointment of Counsel (Doc. 2) be denied as moot. Further, we recommended that Plaintiff's *in forma pauperis* Motions (Docs. 6 and 12) be granted solely for purposes of filing this action.

On December 30, 2011 Plaintiff filed an Amended Complaint. (Doc. 19).

On January 25, 2011, the Court adopted our R&R, dismissed without prejudice Plaintiff's original Complaint and Amended Complaint (Docs. 1 and 19), and dismissed Plaintiff's case without prejudice to re-institute it after he exhausted his administrative remedies. (Doc. 21).

On February 18, 2011, Plaintiff filed a 9-page form §1983 civil rights Amended Complaint. (Doc. 23).[2] In his Doc. 23 Amended Complaint, Plaintiff named the following nine

---

[2]Plaintiff's Doc. 23 Amended Complaint is actually his second Amended Complaint since he previously filed an Amended Complaint on December 30, 2010. (Docs. 19 and 23). Nonetheless, since the Court dismissed without prejudice Plaintiff's original Complaint and his first Amended Complaint (Doc. 21), we refer to Plaintiff's Doc. 23 pleading herein simply as his Amended Complaint.

Further, Plaintiff's original Complaint did not name former CO Bahneman as a Defendant, but his Doc. 19 (first) Amended Complaint did name Bahneman as a Defendant. However, Plaintiff's Doc. 23 Amended Complaint did not name Bahneman as a Defendant.

(9) Defendants:  David A. Varano, Superintendent at SCI-Coal Township; Robert McMillan,

Deputy Superintendent, SCI-Coal Township; George Miller, Major of the Guard; Shift

Commander Scicchitano; Shift Commander Morris; Security Captain Stetler; SCI-Coal

Township; Correctional Officer John Doe; and Correctional officer Jane Doe.  (Doc. 23, pp. 1-

3).[3]  All nine Defendants were employees of the Pennsylvania Department of Corrections

("DOC") at SCI-Coal Twp. during the relevant times of this case.

Plaintiff's Amended Complaint was served on the named Defendants on August 15,

2011. (Doc. 28).   On September 12, 2011, counsel for Defendants with the Office of General

Counsel for the PA DOC, waived service of Plaintiff's Amended Complaint and entered an

appearance for Defendants, including Bahneman.  (Docs. 27 and  28).   Counsel did not waive

service for or enter an appearance on behalf of the two Doe Defendants, CO John Doe and CO

Jane Doe.  Thus, the two Doe Defendants, CO John Doe and CO Jane Doe, were not served

since Plaintiff has not identified them. (Docs. 33 and 34).  On October 18, 2011, we issued an

Order directing Plaintiff to identify the two Doe Defendants. (Doc. 35).  However, Plaintiff

failed to  provide any information as to the two Doe Defendants.

---

[3]As noted, Plaintiff did not name former SCI-Coal Twp. Corrections Officer ("CO")
Bahneman as a Defendant in his original Complaint but he did name Bahneman as a Defendant
in his first Amended Complaint.  (Docs. 1 and 19).  Further, Plaintiff's Doc. 23 Amended
Complaint did not name Bahneman as a Defendant.  Additionally, Plaintiff's Doc. 23 Amended
Complaint did not state any personal involvement of Bahneman with respect to his
constitutional claims.  Even if Plaintiff did name Bahneman as a Defendant in his Doc. 23
Amended Complaint, as discussed below Plaintiff's Amended Complaint is subject to dismissal
as to Bahneman since Plaintiff does not state any personal involvement of Bahneman with
respect to his constitutional claims.  *See Simonton  v. Tennis*, 437 Fed.Appx. 60, 62-63 (3d Cir.
2011).  Thus, we will recommend that Defendant Bahneman be dismissed with prejudice from
this case.

On September 20, 2011, Defendants "Bahneman," Morris, McMillan, Miller, Stetler, SCI-Coal Township, Scicchitano, and Varano jointly filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).  **(Doc. 29).**  As noted, Bahneman was not named as a party Defendant in Plaintiff's Doc. 23 Amended Complaint, which pleading superseded Plaintiff's two prior pleadings.  Defendants simultaneously filed their support brief with two exhibits attached, namely copies of two unreported court decisions.  (Doc. 30 and Exs. A and B).  In their brief, as indicated above, Counsel for Defendants notes that she did not waive service for or enter an appearance on behalf of the two Doe Defendants, CO John Doe and CO Jane Doe, "because  the Commonwealth Attorney's Act, 71 P.S. §732-101 *et seq*., precludes appearances for unnamed/unidentified alleged employees, who have not consented to legal representation. 4 Pa. Code §39.1 *et seq*.; 42 Pa. C.S. §8525."  (Doc. 30, p. 2, n. 1).

Plaintiff was afforded additional time, until December 5, 2011, to file his brief in opposition to Defendants' Motion to Dismiss. (Doc. 37).  We then again gave Plaintiff additional time, until January 5, 2012, to file his brief in opposition to Defendants' Motion to Dismiss. (Doc. 42).  On January 4 2012, Plaintiff filed his opposition brief.  (Doc. 45).  Defendants did not file a reply brief.

Thus, Defendants' Motion to Dismiss **(Doc. 29)** is ripe for disposition.[4]

Insofar as Plaintiff alleges violations of his constitutional rights and brings this civil rights action under §1983, this Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

---

[4]This case has been assigned to the undersigned Magistrate Judge for pre-trial matters.  *See* 28 U.S.C. § 636(b).

4

Insofar as Plaintiff asserts a state law breach of contract claim against Defendant SCI-Coal Twp.,

this Court may exercise its pendent jurisdiction over such claim under 28 U.S.C. §1367.

## II.  Allegations of Amended Complaint (Doc. 23)

In his complete Statement of Claim contained in his Doc. 23 Amended Complaint,

Plaintiff simply alleges as follows:

> On Friday September 10th 2010 at approximately 4:25 pm the plaintiff
> was confronted by approximately 3 to 4 prisoners, some armed with weapons,
> La'Brent Robinson ran down the walk way yelling for help with his attackers
> in pursuit.  A Correctional Officers (Jane Doe) closed and locked the door of
> the both [booth] in the middle of the walk way.  Mr. La'Brent pulled on the door
> and ask the C/O to let him in.  With in one minute the attackers jumped him
> and Jane Doe looked on.  Plaintiff was severely beaten and stabbed.  Jane
> Doe violated the plaintiff['] s Eighth Amendment when she failed to allow
> the plaintiff to hide in the both [booth] with her.  Correctional Officers
> John Doe ran to the location and failed to grab the attacker's. (sic).  When
> plaintiff was attacked their (sic) was (sic) over ten Correctional Officers
> on the seen [scene] but for some odd reason know (sic) one was arrested.

(Doc. 23, p. 4).

As relief, Plaintiff requests specific amounts of compensatory and punitive damages.[5]

Plaintiff also requests damages for mental anguish as well as pain and suffering.  (Doc.

1, pp. 6-7).  Further, Plaintiff requests "$290,000.00 [in damages] from SCI Coal Township for a

breach of contract."  Plaintiff states that "[t]he SCI Coal Township knew or should have known

what to do when the breach to[ok] place."  (*Id.*, p. 6).  Plaintiff does not state if he sues

---

[5]Plaintiff's requests for specific amounts of monetary damages (Doc. 23, pp. 6-7)
should be stricken.  Since Plaintiff seeks unliquidated damages, he cannot claim  specific sums
of relief.  Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages
should be stricken from his Amended Complaint.  *See Stuckey v. Ross*, Civil No. 05-2354, M.D.
Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

Defendants, a state agency and employees of the DOC, in their individual and/or official

capacities.[6]

       Plaintiff indicates that he has now completed the grievance process available through

the DOC with respect to his Eighth Amendment failure to protect claim.[7]  (Doc. 23, pp. 5-6).

### III. Motion to Dismiss Standard.

       In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the

Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard
> applicable to a motion to dismiss in light of the United States Supreme Court's
> decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v.
> Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a

---

[6]Plaintiff cannot seek monetary  damages from the named Defendants in both their individual and official capacities.  To the extent that Plaintiff seeks monetary damages from Defendants, both compensatory and punitive damages, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).

     Thus, insofar as Plaintiff is suing all of the state actor Defendants in both their individual and official capacities and he seeks monetary damages from them, he can only seek monetary damages from these Defendants in their individual capacities.  Therefore, any claims of Plaintiff for monetary damages against Defendants in their official capacities should be dismissed with prejudice.

[7]Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit with respect to each of his claims.  *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including civil rights  actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.*

complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).[8]

---

[8]Plaintiff and Defendants state the correct motion to dismiss standard in their respective briefs.  (Doc. 45, pp. 4-5 and Doc. 30, pp. 3-6).

**IV. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.).  Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[9]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.); *Simonton  v. Tennis*, 437 Fed.Appx. 61-62.

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id*.  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon

---

[9]Plaintiff alleges in his amended pleading that all of the individual Defendants are employees of the DOC. This is sufficient to show that Defendants are state agents.  Plaintiff also recognizes in his brief (Doc. 45, p. 3)  that personal liability of each Defendant must be sufficiently alleged in a pleading under §1983.

which Plaintiff's claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d

1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a

viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the

deprivation of a Plaintiff's constitutional rights."), citing *Rode, supra*.

**V.  Discussion.**

In his Amended Complaint, Plaintiff essentially claims that he was not protected by

Defendant Jane Doe from an assault by 3 or 4 inmates at SCI-Coal Twp. on September 10, 2010,

and that the two CO Doe Defendants (Jane Doe and John Doe) failed to intervene to stop the

attack.  As mentioned, Plaintiff raises Eighth Amendment failure to protect and failure to

intervene claims against all Defendants.  Plaintiff also states that Defendant SCI-Coal Twp. is

liable to him in the amount of $290,000 for a breach of contract since it breached its duty to

protect him and since it should have known what to do when he was attacked by other inmates.

(Doc. 23, p. 6).

1.  *Damages Claims against Defendants in their Official Capacities*

Defendants argue that Plaintiff's claims for monetary damages against them in their

official capacities should  be dismissed.  (Doc. 30, p. 10).  As noted above , we agree with

9

Defendants and we will recommend that Plaintiff's claims for monetary damages, to the extent they are requested against Defendants in their official capacities, be dismissed with prejudice. *See Meekins, supra*.  Based upon well-settled case law, we find that the Court should not allow Plaintiff to amend his Amended Complaint with respect to his damages claims against Defendants in their official capacities since we find it would be futile.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002)(The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile.); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

> 2.  *Claims against Defendant SCI-Coal Twp.*

Defendants argue that Defendant SCI-Coal Twp. must be dismissed as a Defendant in this action since it is not a person under §1983.  We agree with Defendants.

As a Defendant in his Amended Complaint, Plaintiff names, in part, SCI-Coal Twp. an agency of the Commonwealth of Pennsylvania.  Neither the Commonwealth of Pennsylvania nor SCI-Coal Twp. are  proper Defendants in this §1983 action.  *See Keys v. Pennsylvania*, 2011 WL 766978, *17 (M.D. Pa. 1-19-11) adopted by 2011 WL 766950 (M.D. Pa. 2-25-11).  The Eleventh Amendment bars Plaintiff's claims against the Commonwealth and SCI-Coal Twp.  The Commonwealth of Pennsylvania and SCI-Coal Twp. are protected by sovereign immunity under the Eleventh Amendment with respect to Plaintiff's claims. *See Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *2 (E. D. Pa.); *MCI Telecom. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 502 (3d

Cir. 2001). Also, because SCI-Coal Twp. is an agency of the Commonwealth of Pennsylvania,

this Court's jurisdiction over this prison Defendant is barred based on the Eleventh Amendment.

In *Democracy Rising PA v. Celluci*, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009), this

Court held that:

> The Eleventh Amendment precludes private federal litigation against a
> state and its agencies. n16 *Hans v. Louisiana*, 134 U.S. 1, 15-16, 10 S.
> Ct. 504, 33 L. Ed. 842 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528
> U.S. 62, 72-73, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000); *Lombardo v.
> Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). This is a
> jurisdictional bar subject to only two exceptions: (1) Congress may
> specifically abrogate a state's sovereign immunity by exercising its
> enforcement power under the Fourteenth Amendment, or (2) a state
> may waive its sovereign immunity by consenting to suit. *Coll. Sav. Bank
> v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119
> S. Ct. 2219, 144 L. Ed. 2d 605 (1999); *Koslow v. Pennsylvania*, 302 F.3d
> 161, 168 (3d Cir. 2002). It is well settled that Congress had no intention
> to abrogate the states' sovereign immunity by enacting § 1983. *Will v.
> Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed.
> 2d 45 (1989). [**41] Furthermore, Pennsylvania has unequivocally
> withheld its consent to such suits. See 42 PA. CONS. STAT. § 8521(b);
> *see also Lombardo*, 540 F.3d at 196 n.3; *Laskaris v. Thornburgh*, 661
> F.2d 23, 25 (3d Cir. 1981).

See also *Urella v. PA State Troopers Ass'n*, 2008 WL 1944069, *3; *Keys, supra*.

Therefore, we will recommend that Defendant SCI-Coal Twp. be dismissed from this

case with prejudice. *See Keys, supra; Beattie v. DOC SCI-Mahanoy*, 2009 WL 533051, *6 (M.D.

Pa.)("state agencies are not subject to liability under §1983 actions brought in federal court." PA

DOC and PSP are state agencies and not persons.). Based upon well-settled case law, we find

that the Court should not allow Plaintiff to amend his Amended Complaint with respect to his

claims against Defendant SCI-Coal Twp. since we find it would be futile. *See Grayson v. Mayview*

11

*State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002)(The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile.); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

> 3.    *State Law Breach of Contract Claim* against *Defendant SCI-Coal Twp. is Barred by Sovereign Immunity*

Defendants argue that Plaintiff's state law breach of contract claim against Defendant SCI-Coal Twp. should be dismissed since it is barred by sovereign immunity.  Defendants also point out that Plaintiff fails to state a cognizable breach of contract claim against Defendant SCI-Coal Twp. under Pennsylvania law.  We agree with Defendants that sovereign immunity bars Plaintiff's breach of contract claim against Defendant SCI-Coal Twp.

In *Petry v. Beard*, 2011 WL 1398476, *11 (M.D. Pa. 4-13-11), the Court stated:

> The Commonwealth and its employees and officials enjoy broad immunity from
> most state law claims, immunity that is expressly embraced by statute, which
> provides that: "it is hereby declared to be the intent of the General Assembly
> that the Commonwealth, and its officials and employees acting within the scope
> of their duties, shall continue to enjoy sovereign immunity and official immunity
> and remain immune from suit except as the General Assembly shall specifically
> waive the immunity." 1 Pa. C.S .A. § 2310; *see also Moore v. Commonwealth*,
> 114 Pa.Cmwlth. 56, 538 A.2d 111, 115 (Pa.Commw.1988) ("In other words, if
> the Commonwealth is entitled to sovereign immunity under Act 152, then its
> officials and employees acting within the scope of their duties are likewise
> immune"). According to the Defendants, this grant of immunity "applies to
> Commonwealth employees in both their official and individual capacities, so
> long as the employees are 'acting within the scope of their duties.' " *Larsen v.
> State Employees' Ret. Sys.*, 553 F.Supp.2d 403, 420 (M.D.Pa.2008). Conduct of
> an employee is within the scope of employment if " 'it is of a kind and nature
> that the employee is employed to perform; [and] it occurs substantially within
> the authorized time and space limits ....' " *Brautigam v. Fraley,* No. 09–1723,
> 2010 WL 480856, *4 (M.D.Pa. Feb.4, 2010) (Rambo, J.)

The *Petry* Court also stated that 42 Pa. C.S. §8522 provided a limited waiver of sovereign immunity with respect to claims against Commonwealth parties in narrow exceptions. *Id.* at *12.

Further, the *Petry* Court stated:

> "Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed." *Lockwood v. City of Pittsburgh,* 561 Pa. 515, 751 A.2d 1136, 1139 (Pa.2000) (citation omitted). With this guiding principle in mind, we turn to the application of 42 Pa.C.S.A. § 8522(a) and (b)(3) to torts that occur in a prison setting. The Pennsylvania courts have examined the application of § 8522(b)(3)'s "personal property" exception to sovereign immunity in the context of prison tort claims on several occasions in different factual settings. As construed by the Pennsylvania courts, this narrow exception to sovereign immunity applies to damages claims made by inmates for negligent damage to items of inmate personal property while that property is in the possession of Commonwealth parties. *Williams v. Stickman,* 917 A.2d 915 (Pa.Commw.Ct.2007). Such claims are permitted against the Commonwealth pursuant to § 8522(b) (3). In contrast, courts have rejected efforts by inmates to broadly claim that this exception to sovereign immunity applies to all prisoner personal injury claims, based upon the notion that the inmates themselves are in some fashion "in the possession and custody of Commonwealth parties." *Gallagher v. Commonwealth,* 118 Pa.Cmwlth. 516, 545 A.2d 981 (Pa.Commw.Ct.1988).

*Id.*

We find no state law exception to sovereign immunity applies in our case.   Thus, we agree with Defendants that in our case, in which Plaintiff Robinson is complaining about a personal injury to himself in the prison setting, his breach of contract claim against Defendant SCI-Coal Twp. is barred by sovereign immunity.   *See Petry, supra*.   Therefore, we will recommend that Plaintiff's state law breach of contract claim against Defendant SCI-Coal Twp. be dismissed with prejudice since it is barred by sovereign immunity.   Based upon the above, we find futility in

13

allowing Plaintiff leave to amend his Amended Complaint with respect to his state law breach of contract claim against Defendant SCI-Coal Twp. *See Alston, supra*.

> *4. Lack of Personal Involvement of the Seven Named Individual Defendants*

Defendants next argue that Plaintiff has failed to state the personal involvement of Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan and "Bahneman" with respect to his Eighth Amendment claims.[10]   (Doc. 30, pp. 8-9).  We find that Plaintiff's Amended Complaint quoted above clearly shows that Plaintiff failed to state how the named Defendants had the required personal involvement with respect to his failure to protect and failure to intervene claims.   Plaintiff only states the personal involvement of the two Doe Defendants.

We also find that supervisory officials Varano, McMillan and Miller are named as Defendants based only on *respondeat superior* and this is not a permissible basis for liability in a civil rights action.  *See Santiago v. Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. Dec. 14, 2010).

As stated and as Plaintiff recognizes, it is well established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that

---

[10]As noted above, Plaintiff did not name former SCI-Coal Twp. Corrections Officer ("CO") Bahneman as a Defendant in his original Complaint but he did name Bahneman as a Defendant in his first Amended Complaint.  (Docs. 1 and 19). Plaintiff did not name Bahneman as a Defendant in his present Amended Complaint. (Doc. 23). Regardless, Plaintiff's Amended Complaint (Doc. 23) does not state any personal involvement of Bahneman with respect to his constitutional claims.

personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009)*;  Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)*, repeated the personal involvement necessary in such an action.  In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

*See Rhines v. Bledose*, 2010 WL 2911628, *2 (3d Cir.).  As discussed above, we find that Plaintiff's Amended Complaint lacks the requisite personal involvement of each named Defendant with respect to his Eighth Amendment claims.

In *George v. PA DOC*, 2010 WL 936778, *4 (M.D. Pa.), the Court stated:

> The doctrine of *respondeat superior* does not apply to constitutional claims. *See Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173

L.Ed.2d 868 (2009) ("Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" ); *see also Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (claims brought under 42 U.S.C. § 1983 cannot be premised on a theory of *respondeat superior* (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events underlying a claim. *Iqbal, supra,* --- U.S. at ----, 129 S.Ct. at 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode,* 845 F.2d at 1207. "In order to satisfy the 'personal involvement' requirement, a [§ 1983] complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck,* 326 F. App'x 97, 101 (3d Cir.2009) (per curiam) (nonprecedential).

*See also Santiago v. Warminister Tp.,* 2010 WL 5071779, * 5 (3d Cir. Dec. 14, 2010); *Sims v. Piazza,* 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

*We* find no allegations by Plaintiff that Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan and Bahneman personally  failed to protect him from the alleged September 10, 2010 assault at SCI-Coal Twp., and that these Defendants personally failed to intervene to stop the assault.

In *Glazewski v. Corzine*, 385 Fed.Appx. 83, 88 (3d Cir. 2010), the Court stated:

To establish a failure to protect claim, an inmate must demonstrate that:

(1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970. "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir.2001).

16

*See also Knauss v. Shannon*, 2010 WL 569829, *14.

The Court in *Knauss* stated:

> In the instant case, Knauss has not met either the objective or subjective element of a failure-to-protect claim against Defendant Wagner.
>
> ................................................................................................
>
> Further, Knauss has not sufficiently alleged that Defendant Wagner was deliberately indifferent to Knauss' health or safety, as there is no allegation that Defendant Wagner had any knowledge that Defendant Hannon would strike Knauss. Thus, because Defendant Wagner could not have been deliberately indifferent to a risk of which he was unaware, Knauss has failed to state a claim of failure-to-protect against Defendant Wagner. *See, e.g., Matthews*, 2009 WL 311177, at *5.

As discussed above, similar to the *Knauss* case, Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan and Bahneman are correct in that  Plaintiff Robinson has not stated either the objective or subjective element of a failure to protect claim against them.  Further, as Defendants note, to the extent Plaintiff has named Superintendent Varano as a Defendant based on his denial of Plaintiff's grievances appeals (Doc. 23, pp. 5-6), this is clearly insufficient to show the personal involvement of a Defendant in a §1983 civil rights action.  *See Newton v. Reitz*, 2009 WL 233911 (M.D. Pa. 1-30- 09)("although it is apparent that [Defendant] Smith was personally involved in responding to Plaintiff's grievances, participation in the after-the-fact review of a grievance is not enough to establish personal involvement." (citing *Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006)(Non-Precedential)); *Simonton  v. Tennis*, 437 Fed.Appx. at 62("access to prison grievance procedure is not constitutionally-mandated right" and "a prison

17

official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right.")(citations omitted).  Further, Plaintiff has failed to allege that Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan and Bahneman were personally involved in failing to protect him from the alleged assault by other inmates on September 10, 2010, and in failing to intervene to stop the assault.

In *White v. Bledsoe*, 2011 WL 2292279, *6 (M.D. Pa. 6-9-11), a case which we find directly on point with the present case, the Court recently held as follows:

> To the extent [Plaintiff] White raises a claim with respect to his designation against [Defendant] Watts because of his involvement in responding to White's administrative remedy appeal with respect to the designation, liability cannot be predicated on the basis of *respondeat superior*. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (citations  omitted). Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. *See Rode,* 845 F.2d at 1208; *Brooks v. Beard,* 167 F. App'x 923, 925 (3d Cir.2006). For these reasons, summary judgment is warranted in favor of all Defendants with respect to White's claim challenging his designation to the SMU.

We concur with Defendants Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan and Bahneman, especially in light of *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009)*,* that Plaintiff (*See* Doc. 23) does not allege their required personal involvement with his constitutional claims and that he appears to have named Defendant Varano only based on Varano's responses to his grievances appeals complaining about the alleged assault at SCI-Coal Twp.  *See Ransome v.*

*Mooney*, 2010 WL 2490751, *4 (M.D. Pa. 4-9-10) adopted by 2010 WL 2505891 (M.D. Pa. 6-15-10); *Simonton  v. Tennis*, 437 Fed.Appx. at 62-63.

The law is well-settled that inmates do not have a constitutional right to a grievance process, and that naming the supervisory Defendants based only on their responses or lack of responses to an inmate's grievance and appeals will subject these Defendants to dismissal.  *Bartelli v. Jones*, 231 Fed. Appx. 129, 132 (3d Cir. 2007)("a state grievance procedure does not confer any substantive constitutional right upon prison inmates.")(citation omitted); *O'Connell v. Sobina*, 2008 WL 144199, * 17 (W. D. Pa.);  *Jones v. North Carolina Prisoners's Labor Union, Inc.,* 433 U.S. 119, 137-38 (1977).  This  Court has also recognized that grievance procedures are not constitutionally mandated.  *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential).  Even if the prison provides for a grievance procedure, as DOC does, violations of those procedures do not amount to a civil rights cause of action.  *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd. 74 F. 3d 1226 (3d Cir. 1995).  *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa., aff'd. 138 Fed. Appx. 414 (3d Cir. 2005)(Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted).  Thus, even if the prison official allegedly failed to process the prisoner's grievances, no constitutional claim is stated.  *Burnside, supra.  See also Mincy v. Chmieleweski*, 2007 WL 707344,*9, n. 4(M.D. Pa.) (claims by inmates regarding the

19

prison grievance procedures are unavailing since "prisoners do not have a constitutional right to prison grievance procedures." (citations omitted).

Further, as discussed, Plaintiff does not allege that Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan and Bahneman failed to act to protect him on September 10, 2010, and that these Defendants failed to intervene to stop the assault.  Thus, we shall recommend that Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan and Bahneman be dismissed from this case with prejudice.  Since Plaintiff has already had the opportunity to amend his pleading to property state his constitutional claims, we find that he should not be given another chance to file a second amended complaint based on futility and undue prejudice to Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan and Bahneman.  *See Alston, supra*.

   5.  *Defendants CO John Doe and CO Jane Doe*

As stated, Plaintiff alleges that Defendant CO Jane Doe failed to let him in the booth with her to protect him from the September 20, 2010 assault and, that CO Jane Doe  "looked on" as he was severely beaten and stabbed.  (Doc. 23, p. 4).  Plaintiff alleges that Defendant CO John Doe ran to the location where the assault on him was occurring and "failed to grab the attacker's (sic)."  (*Id*.).  While Plaintiff only states the personal involvement of the two Doe Defendants with respect to his Eighth Amendment failure to protect and failure to intervene claims, as discussed above, to date Plaintiff has not named the Doe Defendants and service has not been effectuated upon them since their identities are not known.

Since the two Doe Defendants have yet to be identified and served with Plaintiff's Amended Complaint and since it is now over one year after Plaintiff filed his original Complaint (October 15, 2010) and almost one year after Plaintiff filed his Doc. 23 Amended Complaint, we will recommend that the two Doe Defendants  be dismissed without prejudice.  Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  Fed.R.Civ.P. 4(m).

Plaintiff has not shown good cause for his failure to identify and serve the two  Doe Defendants.  It has been well over 120 days (*i.e.* almost one year) since Plaintiff filed his Amended Complaint.  (Doc. 23).  As stated, on October 18, 2011, we gave Plaintiff an opportunity to identify the two Doe Defendants.  (Doc. 35).  Plaintiff has failed to show good cause why he has not identified  the two Doe Defendants so that they could be served with his Amended Complaint  (Doc. 23) under Rule 4(m).

As the Court noted in *Banks v. One or More Unknown Named Confidential Informants of Federal,* 2008 WL 2563355, *1, n.1 (M.D. Pa.):

> Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be effectuated upon each defendant "within 120 days after the filing of the complaint." The rule further provides that, if such service is not completed, the court must "dismiss the action without

prejudice as to that defendant." Fed. R. Civ. P. 4(m).

In the instant case, Banks is not responsible to effectuate service personally because he is proceeding *in forma pauperis*. ( *See* Doc. 10); *see also* 28 U.S.C. § 1915(c) (stating that "the officers of the court shall issue and serve all process" when the plaintiff is proceeding *in forma pauperis* ). Nevertheless, Banks is responsible to identify the parties named as defendants in order to permit the United States Marshal to effectuate service within the time limit proscribed by Federal Rule of Civil Procedure 4(m). *See Okagbue v. Ojekwe v. Federal Bureau of Prisons,* No. 03-2035, 2007 WL 4570075, at *3 (D.N.J. Dec.26, 2007) (stating that a prisoner must "furnish[ ] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause"); *Goodwin v. LA Weight Loss Centers, Inc.,* No. 99-6339, 2001 WL 34387933, at *1 (E.D.Pa.2001) ( *"As long as the plaintiff provides adequate information to identify the party to be served, a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service."* (emphasis added)). As of the date of this memorandum and order, Banks has failed to provide sufficient identifying information to permit service upon the unknown named defendants ( *see* Doc. 48), and far greater than 120 days have passed since the court directed service of the amended complaint on September 13, 2007 ( *see* Doc. 46). Accordingly, the court must dismiss without prejudice all claims against the unknown named defendants. See Fed. R. Civ. P. 4(m).

*See also Phillips v. Miller*, 2010 WL 771793, *1 & *6 (M.D. Pa.).

As stated, well more than 120 days have passed since Plaintiff filed his Amended Complaint, and to date, Plaintiff has not identified the two Doe Defendants so that service of his Amended Complaint (Doc. 23) can be made upon them. Since Plaintiff has not identified the two Doe Defendants, service of his Amended Complaint (Doc. 23) cannot be effectuated on them. Further, since Plaintiff has not shown good cause for his failure to identify the two Doe Defendants, we will recommend that the two Doe Defendants be dismissed without prejudice under Rule 4(m).

## VI.  Recommendation.

Based on the above, it is respectfully recommended that Defendants' Motion to Dismiss Plaintiff's Amended Complaint be granted in its entirety.  **(Doc. 29).**  Specifically, it is recommended that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed with prejudice.  It is also recommended that Defendant SCI-Coal Twp. be dismissed with prejudice.  Further, it is  recommended that Plaintiff's state law breach of contract claim against Defendant SCI-Coal Twp. be dismissed with prejudice.   Additionally, it is recommended that Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan and Bahneman be dismissed with prejudice.  Moreover, it is recommended that Defendants John Doe and Jane Doe be dismissed without prejudice under Rule 4(m).

Finally, it is recommended that this case be closed.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 9, 2012**

23

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LA'BRENT ROBINSON,                     :        CIVIL ACTION NO. **3:CV-10-2131**
                                       :
                    Plaintiff          :        (Judge Kosik)
                                       :
            v.                         :        (Magistrate Judge Blewitt)
                                       :
DAVID VARANO, et al.,                  :
                                       :
                    Defendants         :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **February 9, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis
> of that record.  The judge may also receive further evidence, recall

24

witnesses or recommit the matter to the magistrate judge with
instructions.


                                        **s/ Thomas M. Blewitt**

                                        **THOMAS M. BLEWITT**

                                        **United States Magistrate Judge**

**Dated: February 9, 2012**