UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LA'BRENT ROBINSON, | : | Civil No. 3:10-CV-2131 |
| Plaintiff | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | **FILED** |
| DAVID VARANO, et al., | : | **SCRANTON** |
| Defendants | : | JUL 0 2 2012 |
| | : | PER_____ |
| | | DEPUTY CLERK |

## MEMORANDUM

On October 15, 2010, Plaintiff, La'Brent Robinson, a state inmate currently housed at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI-Houtzdale"), filed a *pro se* civil rights Complaint against several Defendants in connection with an alleged assault that took place while Plaintiff was an inmate at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"). (Doc. 1). An Amended Complaint was filed on February 18, 2011. (Doc. 23). Presently before us is a Report and Recommendation ("R&R") by Magistrate Judge Thomas M. Blewitt ruling on Defendants[1] motion to dismiss filed on September 20, 2011. (Doc. 29). We have jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.

### Procedural History

Plaintiff's original Complaint was filed on October 15, 2010. (Doc. 1). This Complaint was screened by Magistrate Judge Thomas M. Blewitt pursuant to 28 U.S.C. § 1915A. The Magistrate Judge recommended that the Complaint be dismissed without prejudice because Plaintiff had failed to exhaust his administrative remedies. (Doc. 15). An Amended Complaint was filed by Plaintiff on December 30, 2010. (Doc. 19). On January 24, 2011, Plaintiff filed "Exhibit F," which is a copy of his final appeal for grievance no. 337048,

---

[1]Defendants "Bahnemen," Morris, McMillan, Miller, Stetler, SCI-Coal Township, Scicchitano, and Varano jointly filed this motion to dismiss. (Doc. 29). Defendants CO John Doe and CO Jane Doe were not served since Plaintiff has failed to identify them. (Doc. 46, p. 3).

the grievance filed in connection with this matter. (Doc. 20). On January 25, 2011, this Court issued an order adopting Magistrate Judge Blewitt's R&R filed on December 27, 2011, dismissing the case, but allowing Plaintiff time to amend his complaint if he wished to reopen the case. (Doc. 21).

After a motion for extension of time was granted, Plaintiff filed an Amended Complaint on February 18, 2011 (Doc. 23) and an Application to Proceed Without Prepaying Fees or Costs (Doc. 24). On August 8, 2011, we issued an order dismissing Plaintiff's Motion for Extension of Time to file objections as Moot. (Doc. 25). On August 9, 2011, Magistrate Judge Blewitt issued an order that Plaintiff's Amended Complaint be served on the Defendants. (Doc. 26). Defendants filed their Motion to Dismiss the Claims in the Amended Complaint Against Them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and a brief in support on September 20, 2011. (Doc. 29, 30). Plaintiff filed a Brief in Opposition on January 4, 2012. (Doc. 45). The Magistrate Judge filed his R&R recommending that the Defendants' motion be granted and Plaintiff's claims be dismissed. (Doc. 46). Plaintiff filed his objections to the Report and Recommendation on March 23, 2012. (Doc. 49).

## Factual Background

In his Amended Complaint, Plaintiff alleges the following:

On Friday September 10th 2010 at approximately 4:25 pm the plaintiff was confronted by approximately 3 to 4 prisoners, some armed with weapons, La'Brent Robinson ran down the walk way yelling for help with his attackers in pursuit. A Correctional Officers (Jane Doe) closed and locked the door of the both [booth] in the middle of the walk way. Mr. La'Brent pulled on the door and ask the C/O to let him in. With in one minute the attackers jumped him and Jane Doe looked on. Plaintiff was severely beaten and stabbed.
Jane Doe violated the plaintiffs Eighth Amendment when she failed to allow the plaintiff to hide in the both [booth] with her. Correctional Officers John Doe ran to the location and failed to grab the attacker's.
When plaintiff was attacked their was over ten Correctional Officers on the seen [scene] but for some odd reason know (sic) one was arrested.

(sic) (Doc. 23, p. 4).

In his Amended Complaint Plaintiff also names Bahneman[2], David A. Varano, SCI-Coal Township, Robert McMillan, George Miller, C/O Schiccatano, Morris, Stetler and two unnamed Correctional Officers as Defendants[3]. (Doc. 23). Plaintiff has requested specific amounts of compensatory and punitive damages[4], damages for mental anguish as well as pain and suffering, and damages from SCI-Coal Township for breach of contract. (Doc. 46, p. 5). Plaintiff fails to indicate whether he is suing Defendants in their individual and/or official capacities[5]. (Id. at 6).

---

[2]Plaintiff's original Complaint did not name former CO Bahneman as a Defendant, but his Amended Complaint filed on December 30, 2010 (Doc. 19) did name Bahneman as a Defendant. (Doc. 46, fn. 2). However, Plaintiff's Amended Complaint filed on February 18, 2011 (Doc. 23) did not name Bahneman as a Defendant. (Id.). Counsel has entered an appearance for Bahneman. (Id. at p. 3). In his R&R, the Magistrate Judge recommends that Defendant Bahneman be dismissed from the complaint as Plaintiff has failed to allege any personal involvement of this Defendant. (Id. at fn. 3). Plaintiff states in his objections that Defendant Jane Doe is Defendant Bahneman and as such, has alleged personal involvement on the part of the Defendant. For this reason, Defendant Bahnenman will not be dismissed from the suit at this time.

[3]Counsel entered an appearance for all Defendants, including Bahnemen, but did not waive service for or enter an appearance on behalf of the two Doe Defendants, CO John Doe and CO Jane Doe. (Doc. 46, p. 3). These two defendants have not been served since Plaintiff has not identified them, despite an order dated October 18, 2011 directing Plaintiff to identify them. (Id.).

[4]The Magistrate Judge recommends that Plaintiff's requests for specific monetary damages be stricken from his Amended Complaint pursuant to Local Rule 8.1, M.D. Pa. (Doc. 46, fn. 5); See Stuckey v. Ross, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; Said v. Donate, Civil No. 07-1550, M.D. Pa. Plaintiff does not object to this recommendation. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages will be stricken from his Amended Complaint.

[5]The Magistrate Judge recommends that any of Plaintiff's claims for monetary damages against the Defendants in their official capacities should be dismissed because, "[t]o the extent that Plaintiff seeks monetary damages from Defendants, both compensatory and punitive damages, he can only sue the state action Defendants in their individual or personal capacities." (Doc. 46, fn. 6); See Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989); Meekins v. Beard, 2007 WL 675358, *3 (M.D. Pa. 2007); Atwell v. Schweiker, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Plaintiff does not object to this

## Standards of Review

### I. Plaintiff's Objections

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### II. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a claim for relief in any pleading may be defended against based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a 12(b)(6) motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and must accept all well-pleaded allegations as true. *See Eriskson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). The issue in a motion to dismiss is whether the plaintiff

---

recommendation. Therefore, any claims of Plaintiff for monetary damages against Defendants in their official capacities will be dismissed.

should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. *See Phillips v. County of Allegheny,* 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); *Nami v. Fauver,* 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.,* 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, *Twombly,* 550 U.S. at 556. Legal conclusions without factual support are not entitled to assumption of truth. *See Ashcroft . Iqbal,* 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 677 *quoting Twombly,* 550 U.S. at 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 677. The complaint that shows that the pleader is entitled to relief - or put another way, facially plausible - will survive a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 8(a)(2). We read Plaintiff's filings liberally because of

his *pro se* status.

## Discussion

Defendants moved to dismiss Plaintiff's Amended Complaint on September 20, 2011. (Doc. 29). Defendants argued that the claims against Defendant SCI-Coal Township should be dismissed because this entity is not a "person" under Section 1983; that Plaintiff's purported breach of contract claim against SCI-Coal Township is barred by sovereign immunity; that Defendants Varano, Miller, Stetler, Morris, Schicchitano, McMillan, and Bahnemen be dismissed from this matter because Plaintiff has failed to establish personal involvement by them in any alleged constitutional violations; and that Plaintiff's claims for money damages against their official capacities be dismissed for failure to state a claim upon which relief can be granted. (Doc. 30). Plaintiff responded to the motion, arguing that he provided an adequate complaint under the Federal Rules of Civil Procedure and that all Defendants should remain in the case because there were continuing violations and a practice or pattern of conduct that shows their liability. (*See* Doc. 45).

On February 9, 2012, the Magistrate Judge filed his R&R. (Doc. 46). The Magistrate Judge recommended (1) that Plaintiff's claims for monetary damages against the Defendants in their official capacities be dismissed; (2) that Defendant SCI-Coal Township be dismissed as a Defendant in this action since it is not a person under § 1983; (3) that the state law breach of contract claim against Defendant SCI-Coal Township be dismissed because it is barred by sovereign immunity; (4) that the claims be dismissed against the seven (7) named individual defendants because there is a lack of personal involvement; and (5) that the claims against Defendants CO John Doe and CO Jane Doe be dismissed because Plaintiff has not named them and service has not been effectuated upon them since their identities are unknown. (*Id.*).

Plaintiff filed his objections to the Magistrate Judge's R&R on March 23, 2012. (Doc. 49). In his objections, Plaintiff states that he "will not take issue with the arguments raised in the first two (2) arguments setforth (sic) by the Defendants however will defend issue three

and present a proposal to the Court on issue four." (*Id.* at ¶ 2). Plaintiff then has two headers which set out his specific objections. (*Id.*). The first header is labeled "Personal Involvement of Defendant Varano, Stetler, Morris, Scicchitano, and McMillan" and the second header is labeled "Identification of Defendant Jane Doe and John Doe." (*Id.* at p. 1, 3). Though Plaintiff's initial statement does not seem to match numerically with the Magistrate Judge's Report and Recommendation, it is apparent Plaintiff is only objecting to the Magistrate Judge's recommendation that Defendants Varano, Stetler, Morris, Scicchitano and McMillan be dismissed from the case for lack of personal involvement and that Defendants John Doe and Jane Doe be dismissed from the case because Plaintiff has failed to identify them. (*See id.*).

Because Plaintiff has only two objections to the Magistrate Judge's R&R and does not take issue with the first three (3) recommendations, and because we agree with the Magistrate Judge's recommendations on these issues, we will adopt those recommendations. As discussed in footnote five (5), the monetary damages claim against Defendants in their official capacities will be dismissed. (*See also* Doc. 46, p. 9). Further, Defendant SCI-Coal Township will be dismissed from the suit as it is not a person under §1983. (*See id.* at p. 10). The state law breach of contract claim against Defendant SCI-Coal Township will also be dismissed from the Complaint as it is barred by sovereign immunity. (*See id.* at p. 12). We will review *de novo* the remaining recommendations and objections.

## I. Defendants Varano, Stetler, Morris Scicchitano, and McMillan[6]

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff must allege personal

---

[6]The Plaintiff appears to not object to the dismissal of Defendant Miller. As such, Defendant Miller will be dismissed from this action. Even if Plaintiff had objected to Defendant Miller's dismissal, Defendant Miller would be dismissed from the action due to lack of personal involvement based on the argument set out below.

involvement, which "can be shown through allegations of personal direction or of actual knowledge and acquiescence," and must be pled with particularity. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (internal citations omitted). The Supreme Court rejected a theory of supervisory liability based on knowledge and acquiescence in *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009), leaving a question of whether or not the knowledge and acquiescence standard in *Rode* remains good law. *See Ramos-Vazquez v. Primecare Med., Inc.,* 2010 WL 3855546, *10 (E.D. Pa. 2010); *Perano v. Arbaugh,* 2011 WL 1103885, *6-*7 (E.D. Pa. 2011). Whether or not the *Rode* standard survives *Iqbal* is not material to our current case because Plaintiff's allegations fail under either set of requirements.

Plaintiff's objections argue that paragraphs twenty-eight (28) and twenty-nine (29) of his amended complaint filed on December 30, 2010 establish supervisory authority because it shows the position of all the Defendants, the Defendants' knowledge of the dangerous conditions, the pattern of assaults in the area where Plaintiff's assault took place, and the Defendants' complete failure to correct the situation. (Doc. 49, ¶ 5). Paragraphs (28) and (29) specifically state:

> 28.) Defendant Morris and/or Defendant Scicchitano was the shift commander that evening and was responsible for assigning correction staff to the west compound area, in which the area lacked supervision (no cameras, corrections officer etc.) and there was approximately 300 hundred inmates occupying the walkway because staff call D.A. bottom tier E.A. bottom tier, and F.A. bottom tier at one time for main line. This alone presents a substantial risk of serious harm to plaintiff safety by other inmates.
>
> 29.) Defendant Morris, Scicchitano, Miller, McMillan, Stetler and Varano knew there was a substantial risk that plaintiff as an inmate in this institution would be harmed because there were numerous physical altercations that took place in the area where plaintiff was beaten an stabbed because of the lack of supervision and video surveillance in that area, therefore they should have taken proper precaution to ensure that there was sufficient supervision and/or surveillance in that area instead of stationing a single officer, defendant c/o Bahneman to surveillance approximately 100 yards of outdoor compound.

(sic.) (Doc. 19, ¶¶ 28, 29). Plaintiff then cites *Farmer v. Brennan,* 511 U.S. 825 (1994);

*LaMarca v. Turner*, 995 F.2d 1526 (11th Cir. 1993)[7]; and *Tillery v. Owens*, 907 F.2d 418 (3d Cir. 1990)[8] in support of his position.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners and no penological interest is served by gratuitously allowing prisoners to be beaten or raped by one another. *Farmer*, 511 U.S. at 833. "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison

---

[7]This is a case out of the Eleventh Circuit Court of Appeals that reviews a decision from the United States District Court for the Southern District of Florida which awarded plaintiff inmates money damages and an injunction to correct abuses at a facility pursuant to an inmate action brought under 42 U.S.C. § 1983. *LaMarca v. Turner*, 995 F.2d 1526 (11th Cir. 1993). The Eleventh Circuit considered whether Turner, a former superintendent of the institution where the plaintiffs were jailed, was deliberately indifferent to the plaintiffs' safety in violation of the Eighth Amendment and § 1983.

Plaintiff's quote of, "deliberate indifference could be found based on failure to protect from the 'general danger arising from a prison environment that both stimulated and condoned violence,'" is not a direct quote found in the case and is not a legal quotation, but instead references plaintiffs' argument in that specific case. *Id.* at 1535. While this case sets out the standard to decide whether officials are deliberately indifferent to a condition, this is an Eleventh Circuit case. We have Third Circuit and Supreme Court precedent to follow, therefore we do not find the language cited by Plaintiff to be persuasive.

[8]While the Third Circuit did consider this case, the only issue they considered on appeal was whether the practice of double-ceiling in an overcrowded, dilapidated and unsanitary state prison violated the Eighth Amendment's prohibition on cruel and unusual punishment and the district court's power to ameliorate prison conditions. *See Tillery v. Owens*, 907 F.2d 418 (3d Cir. 1990). Though the District Court preceding the Court of Appeals case considered security issues in the prison, including poorly guarded areas, this was one issue of many which the District Court looked at in finding that the Commonwealth engaged in a pattern and practice of deliberate indifference to the security and protection of SCIP inmates (including allegations about the environmental condition at the facility, effects of overcrowding, cell conditions, access to courts, and issues with medical treatments). *Tillery v. Owens*, 719 F. Supp. 1256 (W.D. Pa. 1989). The specific issues with inmate security included allegations that there was ease of access to weapons, searches for hidden weapons on inmate leaving industries areas were not conducted on a routine basis, severe understaffing in the housing areas, and lack of consideration regarding inmates' classifications. *Id.* at 1274-1277. These conditions are vastly different in severity than the allegations made by Plaintiff in the current case. Plaintiff has merely alleged that the walkway is understaffed when inmates are called for mainline and that there were numerous physical altercations that took place, but he fails to allege any factual information regarding these physical altercations.

officials responsible for the victim's safety." *Id.* at 834. In *Farmer,* the Supreme Court stated that a prison official violates the Eighth Amendment based on a failure to prevent harm when the inmate shows that he is "incarcerated under conditions posing a substantial risk of serious harm" and when the prison official has acted with "deliberate indifference." *Id.* at 834. In order to make a showing of deliberate indifference, Plaintiff must show that the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff has failed to show that any of the above-named Defendants had given personal direction, had knowledge and acquiescence, or were deliberately indifferent. The paragraphs Plaintiff refers to in his Objections are from the Amended Complaint (Doc. 19) that was dismissed in a previous Order of this Court (Doc. 21) and are not the taken from the Complaint being considered by this Court. In the Amended Complaint (Doc. 23) before us, Plaintiff has failed to allege that the above-named Defendants were personally involved in failing to protect him for the alleged assault by other inmates on September 10, 2010, or that they failed to intervene to stop the assault; only the Doe Defendants are alleged to have been personally involved. He also fails to allege any facts that show that any of these Defendants knew of a substantial risk of serious harm or that they were deliberately indifferent.

Moreover, even if we consider Plaintiff's allegation that "numerous physical altercations that took place in the area" where Plaintiff was attacked, this allegation without more specific pleadings, does not rise to more than a conclusory statement. Even if we accept as true that there were other physical altercations, Plaintiff has not sufficiently plead that the officials were deliberately indifferent or that the other physical altercations rose to the level of a substantial risk of serious harm. While "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society,'" "not every injury suffered by one prisoner at the hands of another...translates into constitutional liability

for prison officials responsible for the victim's safety." *See id.* at 834. (internal citations omitted).[9]

For the reasons discussed above, we will adopt the recommendation of the Magistrate Judge and dismiss Defendants Varano, Miller, Stetler, Morris, Schicchitano, and McMillan from this action.

## II. Identification of Defendants Jane Doe and John Doe

In his R&R, the Magistrate Judge recommends that we dismiss the two Doe Defendants because it has been over one (1) year since Plaintiff filed his original Complaint (Doc. 1) and his Amended Complaint (Doc. 23) and the Doe Defendants have yet to be identified and served with Plaintiff's Amended Complaint. (Doc. 46, p. 20-22). Plaintiff objects to this recommendation and argues that the Court should allow for discovery to permit Plaintiff time to find out the identities of the Doe Defendants. (Doc. 49, p. 3-4). In his objections, Plaintiff also identifies Defendant Jane Doe as Defendant Bahneman. (*Id.* at ¶ 16, 17). He further states that Defendant John Doe could be readily identified with discovery, or in the alternative, he could be identified as "Defendant First Officer On The Stabbing Scene of LaBrent Robinson at SCI-Coal Township on September 10, 2010." (*Id.* at ¶ 18-20).

Because Plaintiff has identified Defendant Jane Doe, we decline to adopt the Magistrate Judge's recommendation in regards to this defendant. Further,

> [t]here is conflicting authority on the question of whether fictitiously named defendants must be dismissed. *Compare Agresta v. City of Philadelphia,* 694 F. Supp.

---

[9]In his Report and Recommendation, the Magistrate Judge discusses Plaintiff's claim against Defendant Varano "to the extent Plaintiff has named [Defendant] Varano as a Defendant based on his denial of Plaintiff's grievance appeals..." (Doc. 46, p. 17). While Plaintiff did not specifically object to this finding, he did broadly object to Defendant Varano being dismissed from the action. The Magistrate Judge correctly points out that any denial of Plaintiff's grievances appeals "is clearly insufficient to show the personal involvement of a Defendant in a § 1983 civil rights action." (*Id.* at 17-20); *see Newton v. Reitz,* 2009 WL 233911 (M.D. Pa. 2009), *Simonton v. Tennis,* 437 Fed. Appx. 60 (3d Cir. 2011), and *White v. Bledsoe,* 2011 WL 2292279 (M.D. Pa. 2011). We agree with the Magistrate Judge and adopt his recommendation in regards to Defendant Varano.

> 117, 119 n. 1 (E.D. Pa. 1988) (where unknown party has been sued under fictitious name, court will dismiss the defendant who has only been fictitiously named) with *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34 (E.D. Pa. 1990) (fictitious names may be used until Plaintiff has reasonable opportunity to learn their identities through discovery).

*Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878 (W.D. Pa. 1993) ("allow[ing] the Doe defendants to stand in for the alleged real parties until discovery permitted the intended defendants to be installed."). As such, we will allow Plaintiff the opportunity to conduct discovery to identify Defendant John Doe. The recommendation as to Defendant John Doe will not be adopted.

### Conclusion

We adopt, in part, the Magistrate Judge's R&R. The Plaintiff's claims for monetary damages against the Defendants in their official capacities are dismissed; Defendant SCI-Coal Township is dismissed as a Defendant in this action since it is not a person under 42 U.S.C. § 1983; the state law breach of contract claim against Defendant SCI-Coal Township is dismissed because it is barred by sovereign immunity; and Defendants Varano, Stetler, Miller, Morris, Scicchitano, and McMillian are dismissed from this action for lack of personal involvement. We decline to adopt the Magistrate Judge's recommendation in regards to the Doe Defendants. The claims against the Doe Defendants will go forward; Defendant Jane Doe has been identified as Defendant Bahneman and the Plaintiff will be allowed to conduct limited discovery to find the identity of Defendant John Doe.