UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| LA'BRENT ROBINSON, | : | |
|---|---|---|
| Plaintiff | : | Civil No. 3:10-CV-2131 |
| v. | : | (Judge Kosik) |
| DAVID VARANO, et al., | : | |
| Defendants | : | |

## MEMORANDUM

On July 9, 2013, this Court issued an Order adopting the May 9, 2013 Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt. (Doc. 86). On that same day, Plaintiff filed Objections to the R&R signed by Plaintiff on July 3, 2013. (Doc. 85). It appears that Plaintiff's untimely Objections arrived at the Clerk of Court's Office at approximately the same time we issued our Order.

### Procedural History & Factual Background

Plaintiff, La'Brent Robinson, initiated this action on October 15, 2010 by filing, *pro se*, a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a motion for appointment of counsel and two motions for leave to proceed *in forma pauperis*. (Doc. 2, 6, 12). In the Complaint, Plaintiff named seven Defendants: David Varano, Superintendent at SCI-Coal Township; Robert McMillan, Deputy Superintendent, SCI-Coal Township; George Miller, Major of the Guard; Shift Commander Scicchitano; Shift Commander Morris; Security Captain Stetler; and Corrections Officer John Doe. (Doc. 1, p. 2).

Plaintiff's original Complaint was screened by Magistrate Judge Thomas M. Blewitt as required by the PLRA. On December 27, 2010, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's Complaint be dismissed without prejudice due to his failure to exhaust his DOC administrative remedies. (Doc. 15). The Magistrate Judge further recommended that Plaintiff's motion for appointment of counsel (Doc. 2) be dismissed as moot and that Plaintiff's motions to proceed *in forma pauperis* (Doc. 6, 12) be granted solely for the purpose of filing the action. (*Id.*). While the objection period

was pending, Plaintiff filed an Amended Complaint on December 30, 2010. (Doc. 19).

On January 25, 2011, we adopted the R&R of the Magistrate Judge and dismissed, without prejudice, Plaintiff's original Complaint and Amended Complaint. (Doc. 21). The case was dismissed without prejudice so Plaintiff could re-institute it after he exhausted his administrative remedies. (*Id.*). On February 18, 2011, Plaintiff filed a 9-page form § 1983 civil rights Amended Complaint. (Doc. 23). In his Amended Complaint, Plaintiff alleges the following:

> On Friday September 10th 2010 at approximately 4:25 pm the plaintiff was confronted by approximately 3 to 4 prisoners, some armed with weapons, La'Brent Robinson ran down the walk way yelling for help with his attackers in pursuit. A Correctional Officers (Jane Doe) closed and locked the door of the both [booth] in the middle of the walk way. Mr. La'Brent pulled on the door and ask the C/O to let him in. With in one minute the attackers jumped him and Jane Doe looked on. Plaintiff was severely beaten and stabbed.
> Jane Doe violated the plaintiffs Eighth Amendment when she failed to allow the plaintiff to hide in the both [booth] with her. Correctional Officers John Doe ran to the location and failed to grab the attacker's.
> When plaintiff was attacked their was over ten Correctional Officers on the seen [scene] but for some odd reason know (sic) one was arrested.

(sic) (Doc. 23, p. 4).

In this Amended Complaint, Plaintiff named the following nine Defendants: David A. Varano, Superintendent at SCI-Coal Township; Robert McMillan, Deputy Superintendent, SCI-Coal Township; George Miller, Major of the Guard; Shift Commander Scicchitano; Shift Commander Morris; Security Guard Stetler; SCI-Coal Township; Correctional Officer John Doe; and Correctional Officer Jane Doe. (*Id.* at p. 1-3). All of the Defendants were employees of the Pennsylvania Department of Corrections ("DOC") at SCI-Coal Township during the relevant times of this case. Plaintiff's second Amended Complaint was served on the named Defendants on August 15, 2011. (Doc. 28). Since the two Doe Defendants were not identified, they were not served. The Magistrate Judge issued an Order directing Plaintiff to identify the Doe Defendants, however Plaintiff failed to provide that information. (Doc. 35).

On September 20, 2011, the Defendants filed a motion to dismiss Plaintiff's Amended

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 29). In a support brief, Counsel for Defendants noted that she did not waive service for or enter an appearance on behalf of the two Doe Defendants "because the Commonwealth Attorney's Act, 71 P.S. § 732-101 *et seq.*, precludes appearance for unnamed/unidentified alleged employees, who have not consented to legal representation. 4 Pa. Code § 39.1 *et seq.*; 42 Pa. C.S. § 8525." (Doc. 30, p. 2, n. 1). After two extensions of time, Plaintiff filed his opposition brief on January 4, 2012. (Doc. 45).

On February 9, 2012, the Magistrate Judge issued a R&R recommending that Defendants' Motion to Dismiss Plaintiff's Amended Complaint be granted in its entirety. (Doc. 46). Specifically, the Magistrate Judge recommended that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed with prejudice; that Defendant SCI-Coal Township be dismissed with prejudice; that Plaintiff's state law breach of contract claim be dismissed with prejudice; that Defendants Varano, Miller, Stetler, Morris, Scicchitano, McMillan, and Bahneman be dismissed with prejudice; that Defendants John Doe and Jane Doe be dismissed without prejudice; and that the case be closed. (*Id.*). On March 23, 2012, Plaintiff filed objections to the R&R of February 9, 2012. (Doc. 49).

On July 2, 2012, we issued an Order adopting in part, the Magistrate Judge's R&R. (Doc. 51). Specifically, we dismissed Plaintiff's claims for monetary damages against Defendants in their official capacities; dismissed Plaintiff's state law breach of contract claim; and dismissed Defendants SCI-Coal Township, Varano, Miller, Stetler, Morris, Scicchitano, and McMillan. (*Id.*). We further ordered that Defendant Jane Doe be substituted with Defendant Bahneman. (*Id.*). We allowed Plaintiff's claims against Defendants Bahneman and John Doe to proceed. (*Id.*). Plaintiff was also afforded 30 days to conduct limited discovery to notify the Court of the identity of Defendant John Doe. (*Id.*). The case was remanded to the Magistrate Judge. (*Id.*).

On July 5, 2012, the Magistrate Judge issued an order directing service of Plaintiff's

3

Amended Complaint on Defendant CO Bahneman. (Doc. 52). Defendant CO Bahneman filed an Answer to the Amended Complaint on July 11, 2012. (Doc. 53). On August 29, 2012, the Magistrate Judge issued an order substituting Defendant John Doe, and directing service on Defendant CO Dunn. (Doc. 62). Defendant CO Dunn filed an Answer to the Amended Complaint on September 11, 2012. (Doc. 63). The Magistrate Judge set a discovery deadline of November 13, 2012 and a dispositive motion deadline of December 13, 2012. (Doc. 64).

On November 28, 2012, Defendants CO Bahneman and CO Dunn jointly filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 67). Defendants additionally filed a brief in support of the motion, a statement of facts, an appendix, and exhibits. (Doc. 68, 69, 70, 71). As explained in the Magistrate Judge's R&R (Doc. 82), Plaintiff asked for and was granted five motions for extensions of time to file his brief in opposition to the motion for summary judgment. (Doc. 72, 73, 74, 75, 76, 77, 78, 79, 80, 81). The opposition brief was originally due December 15, 2012 and Plaintiff was given extensions until April 23, 2013. Plaintiff failed to file a brief in opposition. On May 9, 2013, the Magistrate Judge issued an R&R recommending that we grant Defendants' motion for summary judgment. (Doc. 82). Objections to the R&R were due on May 28, 2013. On May 20, 2013, Plaintiff filed a motion for extension of thirty (30) days time to file objections. (Doc. 83). Plaintiff's request was granted and the time to file objections was extended to June 28, 2013. (Doc. 84).

On July 9, 2013, this Court issued an Order adopting the May 9, 2013 Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt. (Doc. 86). On that same day, Plaintiff filed Objections to the R&R dated and signed by Plaintiff on July 3, 2013. (Doc. 85). It appears that Plaintiff's Objections arrived at the Clerk of Court's Office at approximately the same time we issued the Order to be docketed. We note that Plaintiff's Objections were due June 28, 2013. (Doc. 84). Plaintiff dated and signed his Objections on July 3, 2013, thus, his Objections are untimely.

## Standard of Review

Pursuant to Local Rule 72.3, Petitioner was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objections to the Magistrate Judge's proposed findings, recommendations, or report. Plaintiff filed a motion for extension of time to file his objections on May 20, 2013. (Doc. 83). This motion was granted on May 23, 2013 and Plaintiff was given until June 28, 2013. (Doc. 84). As we indicated above, Plaintiff failed to timely file objections. However, his untimely objections were filed on July 3, 2013.

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## Discussion

Plaintiff has been given multiple extensions of time throughout the history of this case, including the most recent extension of time to file objections to the Magistrate Judge's R&R. Plaintiff has failed to timely respond to motions and orders, continually flaunting the rules concerning this Court's deadlines. As noted above, Plaintiff's Objections were due on June

28, 2013 and he did not *sign* his Objections until July 3, 2013.[1] Despite receiving an extension of time to file objections to the R&R, Plaintiff's objections were untimely filed and Plaintiff failed to provide any explanation for the late filing. "Although a failure to timely file objections is not a jurisdictional defect, such a failure without justification provides sufficient grounds to deny consideration of the objections. Time limitations on filing objections must be strictly observed." *Jones v. Piazza,* 2007 U.S. Dist. LEXIS 17344, fn. 1 (E.D. Pa. 2007) *citing Grandison v. Moore,* 786 F. 2d 146, 148 (3d Cir. 1986).

Furthermore, even if Plaintiff's Objections were not untimely, the Objections do little to sway us from our original finding. We agree with the Magistrate Judge's findings and concur with his recommendation. Despite Plaintiff's allegations to the contrary, there are no genuine issues of material fact in this case.[2] The evidence clearly shows that the Defendants did not fail to protect Plaintiff from the assault by other inmates on September 10, 2010, and that these Defendants did not fail to intervene to stop the assault. Plaintiff's Objections now claim that his account of what happens serves as sufficient evidence to show that there are genuine issues of material facts. However, the Defendants' Statement of Material Facts, (Doc. 69), are undisputed. Further, there is no credible evidence to support Plaintiff's contentions and/or to show any *genuine issues* of material facts.[3] As such, there is no basis to change our original ruling. Defendants Bahneman and Dunn are entitled to summary judgment with respect to Plaintiff's constitutional claims against them.[4]

---

[1] Plaintiff cannot rely on any extended period of time for mail delivery in this case because Plaintiff's dated signature shows that it was not signed and placed in the mail until July 3, 2013.

[2] As noted by the Magistrate Judge, Plaintiff failed to oppose Defendants' Motion for Summary Judgement, including failure to respond to the Defendants' Statement of Material facts. (Doc. 82, p. 11-13). These material facts were deemed undisputed since they were supported by citation to the record and, since Plaintiff had not opposed any of them nor cited to any evidence to controvert them. (*Id.*)

[3] The Court notes that even Plaintiff's own grievance is not consistent with the allegations he is now alleging. (Doc. 71, Ex. A-1).

[4] Because we find that the Defendants are entitled to summary judgment, we need not consider the exhaustion issue.

## Conclusion

For the reasons stated above, we will dismiss Plaintiff's Objections and our Order dated July 9, 2013 granting Defendants' motion for summary judgment will stand. An appropriate Order will follow.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LA'BRENT ROBINSON,
        Plaintiff

v.

DAVID VARANO, et al.,
        Defendants

Civil No. 3:10-CV-2131

(Judge Kosik)

## ORDER

AND NOW, this 9th day of July, 2013, IT IS HEREBY ORDERED THAT:

Plaintiff's Objections to the R&R (Doc. 85) are **DISMISSED.**

Edwin M. Kosik
United States District Judge